IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLORADO
                          Judge Robert E. Blackburn

Date:  February 26, 2009

Courtroom Deputy:  Nel Steffens
Court Reporter:    Suzanne Claar
Probation Officer: Lisa Pence

**Criminal Action No.        07–cr–00183–REB-15**

*Parties:*                                *Counsel:*

UNITED STATES OF AMERICA,                 Michele Korver

    Plaintiff,

v.

15.  KENNY HARRIS,                        Thomas Ward

    Defendant.

## SENTENCING MINUTES

**10:05 a.m.    Court in session.**

Appearances of counsel.  Defendant is present in custody.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the defendant informs the Court that he has read and discussed the presentence report with the defendant.

Mr. Ward states his objection to the anticipated testimony by Government's proposed

witness, Steve Stanton. Mr. Ward also states that he would like to call one witness, defendant's sister, Sheila Harris, and to provide a PowerPoint presentation.

Since defendant's witness is not currently present, Government proceeds.

**10:15 a.m.** Government's witness, Steve Stanton, called and sworn.

Direct examination by Ms. Korver.

**10:46 a.m.** Cross examination by Mr. Ward.

**11:05 a.m.** Court in recess.

**11:23 a.m.** Court in session.

Counsel have no further examination.

**11:24 a.m.** Witness is excused.

Mr. Ward states that he no longer intends to call the defendant's sister as a witness, but asks that she be allowed to make a statement.

**11:24 a.m.** Tiasheila Insaido, defendant's sister, addresses the court on behalf of the defendant.

**11:40 a.m.** Defendant's counsel, with the aid of a PowerPoint presentation, makes a statement on behalf of the defendant, offers information in mitigation of punishment, and comments on the probation officer's determinations and other matters affecting sentence.

**12:02 p.m.** Court in recess.

**1:23 p.m.** Court in session.

Defendant is sworn.

Statement by the defendant.

Statement by Ms. Korver.

The Court has considered all relevant matters of fact and law, including the following:

    1.    The nature and circumstances of the offense for which the defendant is being sentenced.

2. The history and characteristics of the offender.
3. The authorized sentences under 18 U.S.C. § 3551.
4. The presentence report and addendum / addenda.
5. The advisory sentence guidelines.
6. The factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3553(a)(2).
7. The position of the government, the defendant, and the probation department.

The Court enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**It is ORDERED**

1. That the plea agreement of the parties as stipulated in Court's Exhibits 1 and 2 is formally approved.

2. That the **Government's Motion and Notice of Sentencing Factors** [#877] filed February 11, 2009, is **GRANTED.**

3. That the **Government's § 5K1.1 Motion for Downward Departure Based on Substantial Assistance** [#879] filed February 17, 2009, is **GRANTED**, consistent with the court's findings of fact and conclusions of law and the following orders.

4. That the defendant's motion or request for further downward departure for substantial assistance or, in the alternative, for a sentence variance as stated and argued in the **Defendant's Sentencing Memorandum** [#880] filed February 18, 2009, is respectfully **DENIED.**

5. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Counts One and Sixty-Six of the Superseding Indictment.

6. That pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. § 3621, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of 180 months on Count One and 120 months on Count 66, which sentences shall be served concurrently.

7. That on release from imprisonment, the defendant shall be placed on supervised release for a term of five years on each and both of Counts One and Sixty-Six, to be served concurrently; provided furthermore, that within 72 hours of his release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the probation

department within the district to which he is released.

8. That while on supervised release, the defendant shall comply with all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a).

9. That while on supervised release, the defendant shall comply with all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances.

10. That while on supervised release, the defendant shall comply with the following explicit or special conditions of supervised release:

    • that the defendant shall not violate any federal, state, or municipal statue, regulation, or ordinance in any jurisdiction or place where he may be during the term of his supervised release;

    • that the defendant shall not possess or use illegally controlled substances;

    • that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    • that the defendant shall cooperate in the collection of a sample of his DNA;

    • that the defendant shall submit to one drug test within fifteen (15) days of his release from prison, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

    • that the defendant shall, at his own expense, unless then indigent, undergo an alcohol/substance abuse evaluation, and thereafter shall, and again at his own expense, receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by his probation officer or as ordered by the court; provided furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the presentence report to any person or entity responsible for or involved in the treatment of the defendant.

11. That no fines are imposed.

12. That the defendant shall pay forthwith a special victim's fund assessment

fee of $100.00 for each count of conviction for a total of $200.00.

13. That an order and judgment of forfeiture is now entered under Fed.R.Crim.P. 32.2(b)(3) and 21 U.S.C. § 853 as to Count Sixty of the Superseding Indictment, pursuant to the Plea Agreement of the parties.

14. That presentence confinement shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585.

15. That the defendant is remanded to the custody of the United States Marshal for imposition and execution of these sentences.

The Defendant waives formal advisement of appeal.

Mr. Ward requests a recommendation for service of sentence in Colorado.

**It is further ORDERED**

16. That the court recommends to the Bureau of Prisons that it place Mr. Kenny Harris in a correctional institution within the state of Colorado, preferably in or near Denver, Colorado.

**2:15 p.m.    Court in recess.**

Total time in court:   02:31

Hearing concluded.